**Adam SNYDER; et al., Plaintiffs–Appellants,**

v.

**CITY AND COUNTY OF SAN FRANCISCO; et al., Defendants–Appellees.**

No. 06–15838.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed July 23, 2008.

Eric M. Safire, Law Offices of Eric M. Safire, John Houston Scott, Lizabeth N. De Vries, Dennis Cunningham, W. Gordon Kaup, John Houston Scott, The Scott Law Firm, San Francisco, CA, for Plaintiffs–Appellants.

Sean F. Connolly, Cassandra Knight, David B. Newdorf, Joanne Hoeper, San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Adam Snyder and Jade Santoro appeal the district court's grant of summary judgment in favor of the City and County of San Francisco ("the City") and former Deputy Chief of Police Alex Fagan, Sr. Plaintiffs filed suit against Defendants under 42 U.S.C. § 1983. Plaintiffs allege that Defendants are liable for the off-duty conduct of Officers Alex Fagan, Jr., David Lee, and Matthew Tonsing ("the officers"), who physically assaulted Snyder and Santoro on November 20, 2002 over a bag of steak fajitas. Plaintiffs allege that the City is liable under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), due to the San Francisco Police Department's policy or custom of inadequate disciplinary procedures. Plaintiffs allege that Fagan, Sr. is liable in his individual capacity because his conduct as a supervisor bears a sufficient causal link to the actions of the officers. Defendants moved for summary judgment and the district court granted the motion.

We review de novo a district court's decision to grant summary judgment. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). Applying those standards, we affirm the judgment of the district court. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

■ In order for the City to be liable under *Monell*, Plaintiffs must show: (1) that Plaintiffs were deprived of a constitutional right; (2) that the City had a policy; (3) that the policy is deliberately indifferent to the Plaintiffs' constitutional right; and (4) that the policy was the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992).

The Plaintiffs failed to establish the fourth requirement: that any City policy or custom was the moving force behind Plaintiffs' constitutional injury. "Pointing to a municipal policy action or inaction as a 'but-for' cause is not enough to prove a causal connection under *Monell*. Rather, the policy must be the proximate cause of the section 1983 injury." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir.1996). When an officer's private acts could not have been reasonably foreseen, those private acts "br[eak] the chain of proximate cause connecting action under color of law to the alleged violation of constitutional rights." *Huffman v. County*

*of Los Angeles*, 147 F.3d 1054, 1059 (9th Cir.1998).

Even assuming Plaintiffs can satisfy the first three requirements [1] for the imposition of liability under *Monell*, Plaintiffs did not tender sufficient evidence to create a genuine issue of material fact as to whether a City policy of inadequate discipline for officers' on-duty misconduct was the proximate cause of three off-duty officers' decisions to assault the Plaintiffs for their bag of steak fajitas. We therefore affirm the grant of summary judgment.

II

■ The district court also properly granted summary judgment as to the claims against Alex Fagan, Sr., in his individual capacity. Plaintiffs claim that Fagan, Sr., is liable because he acted affirmatively to protect his son, Fagan, Jr., from discipline and helped design and implement customs and practices that created a defective police disciplinary system.

A supervisor may be liable for constitutional violations under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001) (internal quotation marks omitted). A state actor's individual capacity liability "hinges upon his participation in the deprivation of constitutional rights." *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir.1991). "Supervisory liability is imposed against a supervisory official in his individual capacity for his 'own culpable action or inaction in the training, supervision, or control of his subordinates.' " *Id.* at 646 (quoting

---

1. The district court found that Plaintiffs also could not establish the first requirement, because they did not show that they were deprived of a constitutional right. We may affirm summary judgment on any ground supported by the record. *Enlow v. Salem–*

*Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir.2004). Because Plaintiffs cannot establish the requisite causation, we need not address the remaining requirements for establishing *Monell* liability.

*Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir.1987)). A supervisor may also be liable if the official "knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998).

Plaintiffs have failed to raise a genuine issue of material fact as to whether Fagan, Sr. is liable in his individual capacity. The few facts Plaintiffs do reference are insufficient to create a genuine issue of material fact as to "culpable action or inaction in the training, supervision, or control of [Fagan, Sr.'s] subordinates," *Larez*, 946 F.2d at 645 (internal quotation marks omitted), or whether Fagan, Sr. "knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Watkins*, 145 F.3d at 1093. Just as Plaintiffs failed to raise a genuine issue of material fact that any City custom or policy was the proximate cause of Plaintiffs' injuries, Plaintiffs have also failed to tender sufficient evidence to show any causal link between Fagan Sr.'s alleged action and Plaintiffs' injuries.

### III

Although the officers' conduct was certainly outrageous and reprehensible, those issues are not before us. Rather, the question is whether the Plaintiffs have tendered enough evidence to show that the City and Fagan, Sr., were the moving forces behind the attack. The record does not support a sufficient causal link between the policies or customs of the City or the supervisory actions of Fagan, Sr. and the officers' off-duty behavior to entitle Plaintiffs to a trial on these theories. Accordingly, we affirm the district court's grant of summary judgment in favor of Defendants.

**AFFIRMED.**